UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KIMBERLY THOMPSON,

        Plaintiff,                                                  Hon. Janet T. Neff

v.                                                                         Case No. 1:11-CV-638

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/


**REPORT AND RECOMMENDATION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

**STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 40 years of age on her alleged disability onset date and 42 years of age on the date of the ALJ's decision. (Tr. 23, 117). Plaintiff successfully completed high school and worked previously as a typist, teacher's aide, and a mental health worker. (Tr. 21, 43).

Plaintiff applied for benefits on November 4, 2004, alleging that she had been disabled since October 15, 2003, due to Epstein-Barr, diabetes, ruptured Achilles tendon, migraines, and depression. (Tr. 18, 117-28). Plaintiff later amended her disability onset date to July 31, 2007. (Tr. 12). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 75-116). On March 3, 2010, Plaintiff appeared before ALJ Karen Sayon, with testimony being offered by Plaintiff, Plaintiff's friend, and vocational expert, Sandra Steele. (Tr. 33-74). In a written decision dated April 28, 2010, the ALJ determined that Plaintiff was not disabled. (Tr. 12-23). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 1-8). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Prior to initiating the present action, Plaintiff successfully re-applied for disability benefits. (Dkt. #17 at 4). Accordingly, the issue in the present matter is not whether Plaintiff is

disabled going forward, but instead whether she is entitled to benefits for the period from July 31, 2007, through April 28, 2010.

## RELEVANT MEDICAL HISTORY

On October 9, 2007, Dr. Edmond Messina, with the Michigan Headache Clinic, reported that Plaintiff was experiencing "good control" of her headaches and that her medication was "effective." (Tr. 253-55).

On December 16, 2007, Plaintiff participated in an MRI examination of her left foot the results of which revealed that Plaintiff was experiencing plantar fasciitis[1] with no evidence of Achilles tendon impairment or heel fracture. (Tr. 272).

On March 19, 2008, Plaintiff was examined by Dr. Elaine Kountanis. (Tr. 319-22). Plaintiff reported that she was unable to work due to a left foot injury, facial neuralgia, and chronic fatigue due to Epstein Barr syndrome. (Tr. 319). Plaintiff also reported that "another potential cause of [her] chronic fatigue is the stress of raising a special needs teenager at home." (Tr. 319). Specifically, Plaintiff reported that her son "is 17 years old and is mentally challenged in addition to being diagnosed with bipolar disorder" and she "has to supervise him all the time." (Tr. 319). Plaintiff also reported that her neuralgia was "completely controlled" with medication, but that she presently "does not have the monies to buy" this medication. (Tr. 319).

---

[1] Plantar fasciitis is "the most common cause of heel pain" and results when the plantar fascia, the ligament that connects the heel bone to the toes, gets weak, swollen, and irritated, causing the heel or the bottom of the foot to hurt when standing or walking. *See* Plantar Fasciitis, available at http://www.webmd.com/a-to-z-guides/plantar-fasciitis-topic-overview (last visited on August 8, 2012).

An examination of Plaintiff's lower extremities was unremarkable. (Tr. 321). Specifically, "there was no pain when the left Achilles tendon was percussed with the reflex hammer but [Plaintiff] did have pain to deep palpation on the ventral foot in the instep over the fascia." (Tr. 321). The results of motor and sensory examinations were unremarkable. (Tr. 321). Plaintiff exhibited "intact" fine motor coordination and gross motor coordination. (Tr. 321). Straight leg raising was negative and Babinski testing[2] was negative. (Tr. 321). Plaintiff also exhibited "normal" range of motion in "all areas." (Tr. 321). With respect to Plaintiff's left foot, the doctor concluded that Plaintiff's condition was not the result of an Achilles injury but was instead "more consistent with plantar fasciitis." (Tr. 322).

On April 9, 2008, Blaine Pinaire, Ph.D. completed a Psychiatric Review Technique form regarding Plaintiff's mental limitations. (Tr. 346-59). The doctor determined that while Plaintiff satisfied the Part A criteria for Sections 12.04 (Affective Disorders), 12.06 (Anxiety-Related Disorders), and 12.07 (Somatoform Disorders) of the Listing of Impairments, Plaintiff failed to satisfy any of the Part B criteria for these particular Listings. (Tr. 347-56). Specifically, the doctor concluded that Plaintiff experienced moderate restrictions in the activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and never experienced episodes of deterioration or decompensation in work or work-like settings. (Tr. 356).

Dr. Pinaire also completed a Mental Residual Functional Capacity Assessment form regarding Plaintiff's limitations in 20 separate categories encompassing (1) understanding and

---

[2] Babinski test is a neurological test designed to discern damage to the central nervous system. *See* Babinski, available at http://www.medterms.com/script/main/art.asp?articlekey=7171 (last visited on August 8, 2012).

5

memory, (2) sustained concentration and persistence, (3) social interaction, and (4) adaptation. (Tr. 342-45). Plaintiff's abilities were characterized as "moderately limited" in six categories. (Tr. 342-43). With respect to the remaining 14 categories, however, the doctor reported that Plaintiff was "not significantly limited." (Tr. 342-43).

On July 8, 2008, Plaintiff was examined by Dr. John Flood. (Tr. 382-85). Plaintiff reported that she was unable to work due to the injury to her left foot. (Tr. 382-83). An examination of Plaintiff's left lower extremity revealed the following:

> On examination today of the left foot and ankle demonstrates no deformity, ecchymosis or swelling. She points to the left heel, mainly the proximal medial aspect of the calcaneus as the area of discomfort. There is no lateral tenderness. There is no mid or forefoot tenderness. Tenderness is located over the plantar fascial origin and heel pad itself. She has full range of motion of the ankle, subtalar, mid and hindfoot areas. It is symmetric to the unaffected right foot. She has a positive windl[a]ss with plantar pain.[3] She had mild tenderness over the peroneal tendons behind the lateral malleolus. There is no posterior tibial, anterior tibial, or Achilles tendon tenderness today. Peroneal and posterior tibial tendons did not sublux. There is no calf atrophy. She is neurologically intact. The ankle joint is stable to varus and valgus and drawer testing.

(Tr. 384). Dr. Flood characterized his examination of Plaintiff as "relatively benign." (Tr. 384). The doctor recommended that Plaintiff take over-the-counter medication as needed and participate in a home exercise program. (Tr. 384). The doctor further observed that "there is no indication for additional injection, physical therapy or surgical intervention." (Tr. 384).

---

[3] A windlass test is designed to "determine plantar fascia abnormalities i[n] terms of over- and underpronation." Windlass Test, available at http://www.physio-pedia.com/Windlass_test (last visited on August 8, 2012).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[4] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[4] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) Epstein-Barr syndrome; (2) plantar fasciitis; (3) diabetes mellitus; (4) migraines; (5) obesity; (6) major depression; (7) post-traumatic stress disorder; (8) panic disorder without agoraphobia; and (9) a pain disorder with both psychological factors and general medical condition, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 14-17).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform sedentary work subject to the following limitations: (1) she cannot climb ladders, ropes, or scaffolds; (2) she can only occasionally crouch, balance, crawl, kneel, stoop, or climb ramps and stairs; (3) she cannot be exposed to heights or hazards; and (4) she can only perform work involving simple instructions and routine tasks in a low stress environment (defined as only occasional decision-making) with no public interaction. (Tr. 17).

The ALJ determined that Plaintiff could not perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis

8

added).  This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy.  *See Richardson*, 735 F.2d at 964.  Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned vocational expert Sandra Steele.

The vocational expert testified that there existed approximately 9,700 jobs in the lower peninsula of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 67-70).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to benefits.

a. The ALJ Properly Discounted Plaintiff's Subjective Allegations

Plaintiff asserts that the ALJ failed to accord sufficient weight to her subjective allegations.  Plaintiff fails to identify any specific or particular allegation that the ALJ failed to properly evaluate or assess.  Instead, Plaintiff merely asserts that "[t]here is no legal rationale to find a lack of credibility for this claimant and no reason was given for concluding a lack of credibility."

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same).  As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled."  20

9

C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the

witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).

Contrary to counsel's assertion that "no reason was given" for discounting Plaintiff's subjective allegations, the ALJ discussed in great detail Plaintiff's allegations and how such were not supported by the medical record. (Tr. 17-20). Specifically, the ALJ concluded that Plaintiff's allegations of disabling foot pain were contradicted by the medical record. The ALJ determined that Plaintiff's complaints of fatigue were inconsistent were her reported activities and treatment history. The ALJ observed that while Plaintiff's diabetes may not be well controlled there is no evidence that Plaintiff experiences "any significant complications, such as neuropathy or retinopathy." As for Plaintiff's alleged emotional difficulties, the ALJ observed that Plaintiff did not seek counseling even though such was recommended.

In sum, the ALJ's decision to afford less than controlling weight to Plaintiff's subjective allegations is supported by substantial evidence. *See Norris v. Commissioner of Social Security*, 2012 WL 372986 at *4-5 (6th Cir., Feb. 7, 2012) (where the ALJ "did not misconstrue facts in the record or overlook other significant evidence. . .and identified specific facts supported by the record" which to "a reasonable mind" would "cast doubt on" a claimant's subjective allegations, the ALJ's decision to discount the claimant's credibility is not in error).

> b. The ALJ Properly Evaluated the Medical Evidence

Plaintiff next argues that the ALJ erred by failing to "follow the treating doctor rule" and accord controlling weight to the opinions expressed by Plaintiff's treating physicians. In her initial brief, Plaintiff failed to identify *any* treating physician or care provider, or any opinion expressed by such, to which the ALJ did not properly evaluate or defer. In her reply brief, Plaintiff appears to suggest that the ALJ failed to accord sufficient weight to an as-of-yet unidentified opinion expressed by Mr. McCulloch.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, "give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*,

839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Wilson*, 378 F.3d at 544. In articulating such reasons, the ALJ must consider the following factors: (1) length of the treatment relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *See* 20 C.F.R. §§ 404.1527, 416.927; *see also*, *Wilson*, 378 F.3d at 544. The ALJ is not required, however, to explicitly discuss each of these factors. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007). Instead, the record must reflect that the ALJ considered those factors relevant to her assessment. *See Oldham*, 509 F.3d at 1258; *Undheim*, 214 Fed. Appx. at 450.

On March 14, 2008, Plaintiff participated in a consultive examination conducted by Leonard McCulloch, M.A. (Tr. 324-32). Because McCulloch examined Plaintiff on only one occasion, he does not qualify as a treating physician whose opinion is entitled to any deference. *Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). Moreover, McCulloch did not express any opinions regarding Plaintiff's functional capacity that are inconsistent with the ALJ's RFC determination. Accordingly, Plaintiff's argument is rejected.

   c.  Plaintiff is not Entitled to a Remand

Finally, as part of her request to obtain review of the ALJ's decision, Plaintiff submitted to the Appeals Council additional evidence which was not presented to the ALJ. (Tr. 505-

13

618). The Appeals Council received the evidence into the record and considered it before declining to review the ALJ's determination. This Court, however, is precluded from considering such material. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007) (quoting *Cline*, 96 F.3d at 148).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it in the prior proceeding, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has not requested that the Court remand this matter for consideration of this evidence. Plaintiff has, therefore, waived any such argument. *See, e.g., Porzillo v. Department of Health and Human Services*, 369 Fed. Appx. 123, 132 (Fed. Cir., Mar. 12, 2010) (claimant "waves any arguments that are not developed"); *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 519, 537 n.25 (10th Cir. 2000) (arguments "superficially" developed are waived); *Financial Resources Network, Inc. v. Brown & Brown, Inc.*, 2010 WL 4806902 at *30 n.29 (D. Mass., Nov. 18, 2010) (same).

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  September 6, 2012                                  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge